Gunter, J.
Appellee owned a terrace of six compartments in the city of Florence. Appellant (defendant) piped the terrace for natural gas; contracted to furnish one of the compartments with gas, and turned it into the pipes for that purpose. A plug was missing at the time of the accident from the end of the surface pipe in compartment one. The gas escaped, an explosion resulted, two .of the compartments were destroyed, and two others materially damaged. Appellee sued to recover for damages so sustained, had verdict and judgment, and therefrom is this appeal. . '
There was hut one question of-fact for the jury: Did the defendant fail to plug the service pipe in compartment one?
At the close of plaintiff’s evidence, and also at the close of the evidence in the case, defendant asked the court to charge the jury to find a verdict for the defendant. This was denied, and thereon are based assignments of error 1 and 2. Defendant tendered, and the court refused, instructions 2 and 3. Upon this ruling assignments of error 14 and 15 are based. These instructions in effect charged the jury to find the above issue of fact for the defendant.
If the evidence adduced justified a submission to the jury of the issue, whether or not defendant failed to plug the service pipe, then the court was justified in its rulings questioned by these four assignments of error.
The gas causing the explosion escaped from the' *48 end of the service pipe. There was evidence that this had been laid by defendant about one month before the accident; that it had never been used until the date of the accident. There was no evidence that it had ever been disturbed at the point where the plug should have been inserted from the date the pipe was laid until the date of the accident. Upon this latter date when gas was turned in for the first time the plug was missing and the gas escaped. As the defendant had laid the pipe recently, as there was no evidence tending to show that any one had tampered with the section of pipe which should have contained the plug, between the date the pipe was laid and the date of the explosion, and as the plug was absent upon the latter date, there was evidence from which the jury might conclude that defendant had never plugged the pipe. — Smith v. Boston Gas Light Company, 129 Mass. 318; Carmody v. Boston Gas Light Company, 162 Mass. 539.
Three witnesses were introduced by defendant to prove that the pipe had been plugged. These witnesses were employees of defendant. Further, serious damage had been done to property, and personal injuries had been caused to certain occupants of the demolished premises by the explosion. If the pipe was left without a plug by defendant, it was the act of these witnesses. They were materially interested in establishing the fact that the plug was inserted as claimed by defendant. These matters went to the credibility of the witnesses. In impeachment of one of the witnesses, it was testified that he admitted just after the accident that he had failed to plug the pipe. There were other circumstances bearing upon the issue of fact which the jury could have properly considered. There was evidence from which the jury could reasonably have concluded that the pipe was not plugged by defendant. This being true, its *49 conclusion on the question of fact is not reviewable by us.
Assignment of error 16 is to the refusal of the court to give instruction 8 and in modifying this instruction. A discussion of this assignment involves assignment 23. The tendered instruction was in this language:
“It is incumbent upon the plaintiff to satisfy you by a fair preponderance of the evidence that the defendant or its servants or its agents left the house improperly piped, or left the pipes improperly plugged or capped, and it is not sufficient to warrant you in finding that such was the case, to show that the defendant caused the house to be piped, and at the time of the explosion a plug was missing or the pipes were improperly laid, if in the meantime, without the knowledge of the defendant, the plaintiff had made or caused to be made changes in the pipes.”
If there had been evidence tending to show that plaintiff had changed the section of pipe from which the plug was missing, or had tampered with the plug between the date the pipe was laid and the date of the accident, then there would have been evidence to which to apply the instruction, but there was none such. Changing the particular section of pipe removed by plaintiff did not involve disturbing the part of the pipe from which the plug was missing, or tend to show a tampering with it. A sufficient reason for refusing to give this instruction was there was no evidence to which it was applicable. The court gave the instruction by adding to it the words, “which in any way contribute to the injury complained of,” thereby in effect telling the jury that the fact that at the time of the explosion a plug was missing would not warrant a finding against the defendant, if it appeared that the pipe from which the plug was missing had been changed by any one since it was laid. *50 The condition upon which the court made this instruction to operate was that there should be evidence that the pipe. contributing to the injury had been-tampered with since it was laid by defendant; if the instruction was to be given at all, it should have been so limited, as it was thus made applicable to such a change of the pipe as might affect the question before it. The appellant having tendered the instruction substantially as it was. given, it is not in position to question it.
. It is unnecessary to consider other reasons why appellant has no ground for complaining of the instruction.
Witness Green was asked if he could tell by looking: at a pipe whether it would convey gas or not. Assuming that -defendant’s objection of immateriality should have been sustained, no possible prejudice resulted in allowing the witness to answer.
Witness Givens was asked if he was hired by appellant as a gas-fitter. The objection of appellant thereto was properly overruled, as it was an inquiry on cross-examination going to the witness’s occupation.
Judgment affirmed.

Affirmed.

On rehearing.

Per Curiam.

The main point urged upon the rehearing is a reiteration of the contention, the insufficiency of the evidence to sustain the verdict. After a careful re-examination we are still of the opinion that the evidence was sufficient to justify submitting the ease to the jury.
Original opinion adhered to. Judgment affirmed.

Affirmed.